

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2489
Re: Is the Comptroller author-
ized to issue a duplicate
of the Confederate pension
warrant under the facts
set forth? And another
question.

We are in receipt of your letter in which you
request an opinion of this department on the questions
presented therein as follows:

"A Confederate pensioner has been dead
for a period of seven years. It is now
learned by the heirs of this pensioner that
a certain Confederate Pension Warrant issued
to the deceased pensioner has never been
cashed by the state Treasury and is still
outstanding.

"Is this department authorized to issue
a duplicate of this warrant for the benefit
of the heirs?

"It is found, upon the death of a Con-
federate pensioner, that such pensioner had
not cashed a number of her pension warrants
and had held them, accumulating some $500.00
worth.

"Are these warrants a subject of inheri-
tance for the benefit of this deceased pen-
sioner?"

The answer to your first question concerning the
issuing of a duplicate warrant to the heirs of the deceased

Honorable Geo. H. Sheppard, Page 2

pensioner is controlled by our Opinion No. 0-2161, which reads, in part, as follows:

"Your third question reads as follows:

"'(3) If the payee of a Confederate Pension Warrant which has been voided by limitation requests a duplicate warrant to be issued, is it mandatory on the State Comptroller and State Treasurer to issue such duplicate, provided the necessary requirements for issuing duplicate warrants are met?'

"In answer to your third question concerning whether or not it is mandatory on the State Comptroller to issue duplicate warrants on such warrants which have been barred because they were not presented within the two year period, your attention is called to Article 4365, Vernon's Annotated Civil Statutes, which reads as follows:

"'Art. 4365. The Comptroller, when satisfied that any original warrant drawn upon the State Treasurer has been lost or destroyed, or when any certificate or other evidence of indebtedness approved by the auditing board of the State has been lost, is authorized to issue a duplicate warrant in lieu of the original warrant or a duplicate or a copy of such certificate, or other evidence of indebtedness in lieu of such original; but no such duplicate warrant, or other evidence of indebtedness, shall issue until the applicant has filed with the Comptroller his affidavit, stating that he is the true owner of such instrument, and that the same is in fact lost or destroyed, and shall also file with the Comptroller his bond in double the amount of the claim with two or more good and sufficient sureties, payable to the Governor, to be approved by the Comptroller, and conditioned that the applicant will

Honorable Geo. H. Sheppard, Page 3

hold the State harmless and return
to the Comptroller, upon demand being
made therefor, such duplicates or
copies, or the amount of money named
therein, together with all costs that
may accrue against the State on col-
lecting same. After the issuance of
said duplicate or copy if the Comptrol-
ler should ascertain that the same was
improperly issued, or that the appli-
cant or party to whom the same was is-
sued was not the owner thereof, he
shall at once demand the return of
said duplicate or copy if unpaid, or
the amount paid out by the State, if
so paid; and, upon failure of the party
to return same or the amount of money
called for, suit shall be instituted
upon said bond in Travis County.'

"It is our opinion that it is mandatory on
the State Comptroller and State Treasurer to is-
sue a duplicate warrant if the conditions provided
in Article 4365 have been complied with. We base
our answer here on our previous conclusion that
such a warrant, even though barred because of not
having been presented within the two year period,
may be presented to the Legislature who would have
the authority to order the same paid." (Underscor-
ing ours)

It should be pointed out as stated in the above
quoted opinion "if the conditions provided in Article 4365
have been complied with", it is mandatory of the Comptroller
to issue a duplicate warrant. However, these conditions must
be followed very closely. The mere affidavit of one claiming
to be the true owner, would not in itself, be sufficient.
Article 4365, supra, in concise language, places a duty upon
the Comptroller to first satisfy himself that the warrant in
question has been lost or destroyed. The exact language of
the article is as follows:

"The Comptroller when satisfied that any
original warrant drawn upon the State Treasury
has been lost and destroyed * * *." (Under-
scoring ours)

414

Under the facts as stated in this question where a period of seven years has elapsed, since the warrants were last actually known of, a number of natural possibilities arise. The warrants in question might have been assigned, they could have been given as security for a debt, or disposed of in any one of several ways. The required affidavit should of course include all matters that might throw light on the lost warrants. However, the statutes leave broad discretion in the hands of the Comptroller and also commands him independently to satisfy himself as to the exact status of the warrant in question. It would be within his power to refuse to issue a duplicate warrant notwithstanding the filing of the bond and the affidavit, if he was not satisfied that the warrants in question were not assigned, pledged, or disposed of in some proper and regular manner.

In answer to your second question, we should first determine the type of instrument and nature of such a warrant. In Texas Jurisprudence, Volume 11, p. 665, Section 118, we find warrant described in this manner:

"While warrants are in the ordinary form of commercial paper, they do not possess the quality of such paper, they are not negotiable instruments * * *."

However, warrants may be assigned and the assignee has every right of the original payee. See Speer v. State, 58 S. W. (2d) 95, 123 Tex. Cr. Rep. 188; City of Belton v. Harris Trust Savings, 273 S. W. 914, affirmed 283 S. W. 164.

It is a well settled rule that a warrant is evidence of an obligation on the part of the State or one of its divisions to pay a certain sum of money. Obligations of this nature are treated as personal property and are the subject of inheritance. Warrants, by their nature, would be classified with other non-negotiable obligations due the estate of the deceased.

You are therefore respectfully advised that under the facts as you state them, and provided that the statute in question is closely followed, the Comptroller is authorized to issue duplicate Confederate pension warrants; and in answer to your second question, that Confederate pension warrants are the subject of inheritance for the benefit of the deceased pensioner's estate.

APPROVED AUG 14, 1940

FIRST ASSISTANT

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Frederik B. Isely
Assistant